**FILED**
**NOVEMBER 13, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6431**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JOSE SUAREZ,

    Defendant.

Civil Action No. _____

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE ASHMAN**

**J. N.**

### PLAINTIFF'S COMPLAINT TO REVOKE NATURALIZATION

I.    PRELIMINARY STATEMENT

The United States of America brings this civil action under section 340(a) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1451(a), and alleges that the above named defendant procured his naturalization illegally and by willful misrepresentation or concealment of material facts.

II    JURISDICTION AND VENUE

1. This is an action under section 340(a) of the Immigration and Nationality Act of 1952, as amended (the "INA"), 8 U.S.C. § 1451(a), to revoke and set aside the order admitting the defendant to citizenship and to cancel defendant's certificate of naturalization.

2. The affidavit of Kenneth R. Lovesee, an officer of the United States Department of Homeland Security, showing good cause for this action is attached as Exhibit A.

3. The plaintiff is the United States of America and this Court has jurisdiction pursuant to Title 28, United States Code, Section 1345.

4. The defendant is a naturalized United States citizen whose last known residence is in Chicago, Illinois; therefore, venue is proper in this district.  8 U.S.C.

1  § 1451(a).

2  III.    FACTUAL BACKGROUND

3      A.    Defendant's Naturalization Proceedings

4      5. Defendant became a lawful permanent resident alien of the United States on July 17, 1978.

6. On December 17, 1996, defendant filed with the United States Immigration and Naturalization Service (the "INS")[1] an "Application for Naturalization," Form N-400.

7. Defendant filed his application based upon his eligibility for naturalization as a lawful permanent resident for at least five years. INA § 316; 8 U.S.C. § 1427.

8. Part 7, Question 15(a) of the application asks: "Have you ever: … knowingly committed a crime for which you have not been arrested?"

9. Defendant's answer to Part 7, Question 15(a) was "No."

10. On August 11, 1997, an officer of the INS interviewed defendant, under oath, regarding his application for naturalization.

11. At this August 11, 1997, interview, defendant reaffirmed his answer to Part 7, Question 15(a), and testified, under oath, that he had never knowingly committed a crime for which he had not been arrested.

12. At the end of this interview, defendant again signed a sworn statement that the contents of his application were true.

13. On April 4, 1998, the INS approved defendant's application for naturalization, based on his written application and the testimony he provided during his

---

[1] As of March 1, 2003, the INS ceased to exist and its functions were transferred to various agencies within Department of Homeland Security. See Homeland Security Act of 2002, §§ 441, 451, 471, Pub. L. No. 107-296, 116 Stat. 2135 (2002) (codified at 6 U.S.C. §§ 251, 271, 291). This transfer does not affect the issues in this case. Because Mr. Suarez's naturalization case was adjudicated before the transfer, this Complaint will reference the INS as necessary.

Plaintiff's Complaint to
Revoke Naturalization - Page 2

1　naturalization interview.

2　14. On May 14, 1998, defendant appeared for his naturalization oath ceremony.

3　15. Based on his approved naturalization application and his testimony at his naturalization interview, defendant was administered the oath of allegiance on May 14, 1998, by the United States District Court for the Northern District of Illinois, and issued Certificate of Naturalization No. 22 333 235.

　　B.　Defendant's Criminal History

16. From June 1996 through October 22, 1996, defendant committed the offenses of Conspiracy to Distribute Marijuana, and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2..

17. Defendant was convicted for Conspiracy to Distribute Marijuana and for Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. §2 on July 13, 1999[2]/, after he naturalized.

18. Defendant was sentenced to 87 months imprisonment followed by four years of supervised release for his conviction for Conspiracy to Distribute Marijuana, and three years of supervised release for his conviction for Possession with Intent to Distribute Marijuana, the supervised release terms to run concurrently.

IV.　THE RELEVANT LAW

19. Under section 340(a) of the INA, 8 U.S.C. § 1451(a), defendant's naturalization must be revoked and his Certificate of Naturalization must be canceled if his naturalization was either:

　　(a)　illegally procured, or

　　(b)　procured by concealment of a material fact or by willful misrepresentation.

//

//

---

[2]/　Defendant's judgment was amended on October 6, 1999, to correct a clerical mistake in the sentence.

Plaintiff's Complaint to
Revoke Naturalization - Page 3

# COUNT I

<u>Illegal Procurement of United States Citizenship: Lack of Good Moral Character, Commission of Unlawful Acts</u>

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 of this Complaint.

21. Section 101(f)(1) - (8) of the INA, 8 U.S.C. § 1101(f)(1) - (8), bars a finding of good moral character to any person who falls within certain enumerated classes. The section concludes with the provision that the "fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character."

22. 8 C.F.R. § 316.10(a)(2) provides that good moral character determinations shall be made "on a case-by-case basis taking into account the elements enumerated in [8 C.F.R. § 316.10] and the standards of the average citizen in the community of residence."

23. 8 C.F.R. § 316.10(b)(3)(iii) provides that an applicant for naturalization shall be found to lack good moral character unless the applicant establishes extenuating circumstances, if he has committed "unlawful acts that adversely reflect on the applicant's moral character" that do not otherwise preclude a finding of good moral character.

24. As set forth in paragraphs 16 through 18, unbeknownst to the INS, from June 1996 through October 22, 1996, defendant engaged in Conspiracy to Distribute Marijuana and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. §2.

25. These activities adversely reflect on defendant's moral character when considered against the standards of the average citizen in the community in which defendant resides.

26. There are no extenuating circumstances that would mitigate the effect of defendant's actions on his ability to establish good moral character.

27. As a result of his commission of unlawful acts that adversely reflect on defendant's moral character, defendant was not a person of good moral character at the time he naturalized.

28. Because defendant was not a person of good moral character as required by law, he was ineligible for naturalization under section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3).

29. As a person ineligible to naturalize, defendant's naturalization was illegally procured and must be revoked, as provided for in section 340(a) of the INA, 8 U.S.C. § 1451(a).

## COUNT II

<u>Illegal Procurement of United States Citizenship: Lack of Good Moral Character
Defendant's False Testimony Barring Finding of Good Moral Character</u>

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this complaint.

31. Section 101(f)(6) of the INA, 8 U.S.C. § 1101(f)(6), bars a finding of good moral character for any person who, during the time in which he must establish good moral character, provides false testimony for the purpose of obtaining any benefit under the INA.

32. As set forth in paragraphs 10 through 11, defendant testified orally, under oath on August 11, 1997, that he had never knowingly committed a crime for which he had not been arrested.

33. As set forth in paragraphs 16 through 18, defendant committed Conspiracy to Distribute Marijuana and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2 from June 1996 through October 22, 1996. Accordingly, defendant provided false testimony.

34. Defendant provided false testimony in order to obtain naturalization, a benefit under the INA.

Plaintiff's Complaint to
Revoke Naturalization - Page 5

35. Because defendant provided false testimony in order to obtain naturalization during the period of time in which he needed to establish good moral character, he was statutorily precluded from establishing good moral character. INA § 101(f)(6), 8 U.S.C. § 1101(f)(6).

36. Accordingly, as defendant was not a person of good moral character as required by law, he was ineligible for naturalization under section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3).

37. Because defendant was a person ineligible to naturalize, defendant's naturalization was illegally procured and must be revoked, as provided in section 340(a) of the INA, 8 U.S.C. § 1451(a).

**COUNT III**

Procurement of United States Citizenship by
Willful Misrepresentation or Concealment of Material Facts

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 of this Complaint.

39. As set forth in paragraphs 8 through 12, in response to Part 7, Question 15(a) on his application for naturalization, in response to the immigration officer's questioning at his naturalization interview regarding Part 7, Question 15(a) on his application, and when he signed his naturalization application under oath at his naturalization interview, defendant represented that he had never knowingly committed a crime for which he had not been arrested.

40. Contrary to his representations, defendant committed Conspiracy to Distribute Marijuana and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2 from June 1996 through October 22, 1996. See supra ¶¶ 16-18 (regarding defendant's criminal history).

41. When he filed his naturalization application, when he was interviewed by the INS regarding his naturalization application, and when he signed his application at the

end of this interview, defendant knew that his commission of Conspiracy to Distribute Marijuana and Possession with Intent to Distribute Marijuana, as set forth in paragraphs 16 through 18, was a crime.

42. Defendant represented that he had never knowingly committed a crime for which he had not been arrested, knowing that such representation was false and misleading. Accordingly, such misrepresentation was willful.

43. Defendant's commission of Conspiracy to Distribute Marijuana and Possession with Intent to Distribute Marijuana for which he was subsequently convicted are material facts. See INA §§ 101(f)(8), 101(a)(43)(B), 101(f)(3), 212(a)(2)(A)(i), 212(a)(2)(C)(i); 8 U.S.C. §§ 1101(f)(8), 1101(a)(43)(B), 1101(f)(3), 1182(a)(2)(A)(i), 1182(a)(2)(C).

44. Defendant procured his naturalization by willful misrepresentation and concealment of material facts.

45. Because defendant procured his naturalization by willful misrepresentation and concealment of material facts, his naturalization must be revoked, as provided by section 340(a) of the INA, 8 U.S.C. § 1451(a).

WHEREFORE, plaintiff demands:

Judgment revoking and setting aside the naturalization of defendant ordered by the Attorney General of the United States, admitting the defendant to United States citizenship, and canceling Certificate of Naturalization No. 22 333 235.

Judgment forever restraining and enjoining defendant from claiming any rights, privileges, or advantages under any document which evidences United States citizenship obtained as a result of defendant's May 14, 1998, naturalization.

Judgment requiring the defendant to surrender and deliver his Certificate of Naturalization and any other indicia of United States citizenship, as well as any copies thereof in his Possession (and to make good faith efforts to recover and then surrender any copies thereof that he knows are in the Possession of others), to the Attorney General

immediately.

Judgment granting plaintiff any other relief that may be lawful and proper.

Respectfully Submitted,

| | |
|---|---|
| PATRICK J. FITZGERALD<br>United States Attorney | PETER D. KEISLER<br>Assistant Attorney General<br>Civil Division |
| CRAIG OSWALD<br>Assistant United States Attorney<br>219 S. Dearborn St., 5th Fl.<br>Chicago, IL 60604 | THOMAS W. HUSSEY<br>Director<br>RICHARD M. EVANS<br>Assistant Director<br>Office of Immigration Litigation<br>U.S. Department of Justice, Civil Division<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-9340 |
| Date: November 13, 2007 | /s/ Angela A. Crider<br>ANGELA A. CRIDER<br>Trial Attorney<br>Office of Immigration Litigation<br>U.S. Department of Justice, Civil Division<br>c/o Immigration and Customs Enforcement<br>P.O. Box 670049<br>Houston, Texas 77267-0049<br>Telephone: (281) 774-4731<br>Facsimile: (281) 774-5996<br>Texas Bar No. 00790530<br>Southern District of Texas No. 26859 |