UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:07-CV-06431 |
| | ) | |
| v. | ) | **PLAINTIFF'S STATUS REPORT** |
| | ) | **AND NOTIFICATION THAT** |
| JOSE SUAREZ, | ) | **LOCAL COUNSEL WILL** |
| | ) | **APPEAR AT INITIAL STATUS** |
| Defendant. | ) | **HEARING** |
| | ) | |

COMES NOW plaintiff, the United States of America, and notifies this honorable Court that local counsel, Assistant United States Attorney, Craig Oswald, will appear on behalf of plaintiff at the January 9, 2008, 9:30 a.m., status hearing, because lead counsel, Angela A. Crider, will be providing training in the Washington, D.C., area on that date.

Further, plaintiff files this Status Report pursuant to the Court's December 11, 2007, Order. Plaintiff has not conferred with defendant, Jose Suarez, at this time because, to plaintiff's knowledge, defendant is unrepresented and has not yet filed an Answer or appearance in this case. Plaintiff served defendant with the Summons and Complaint on December 13, 2007, and his Answer is due by February 11, 2008, pursuant to 8 U.S.C. § 1451(b). Plaintiff addresses each of the matters requested by the Court as follows:

**A.** **Nature of the Case**

**(1)** **List the attorneys of record for each party, including the attorney(s) who would try the case if it proceeds to trial.**

Plaintiff is represented by Angela A. Crider, United States Department of Justice, Office of Immigration Litigation, and local counsel, Craig Oswald, United States Department of Justice,

United States Attorney's Office, Northern District of Illinois. Angela A. Crider would represent the plaintiff at a trial of this case.

To plaintiff's knowledge, defendant is currently unrepresented.

**(2)     Indicate the basis for federal jurisdiction.**

Plaintiff is the United States of America and this Court has jurisdiction pursuant to Title 28, United States Code, Section 1345.

**(3)     Describe the nature of the claims asserted in the complaint and any counterclaims.**

This is an action under section 340(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1451(a), to revoke and set aside the order admitting defendant to United States citizenship, and to cancel defendant's certificate of naturalization. The United States contends that defendant procured his United States citizenship illegally because he committed unlawful acts that adversely reflect on his moral character during the statutory period in which he was required to establish good moral character, and there are no extenuating circumstances that would mitigate the effect of defendant's actions on his ability to establish good moral character. Specifically, from June 1996 through October 22, 1996, prior to his naturalization on May 14, 1998, defendant engaged in Conspiracy to Distribute Marijuana and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. §2.

The United States contends that defendant procured his United States citizenship illegally because, during the time in which he was required to establish good moral character, he provided false testimony at his naturalization interview regarding his commission of unlawful acts for the

purpose of obtaining his naturalization.

The United States contends that defendant procured his United States citizenship by willful misrepresentation or concealment of a material fact in that he misrepresented his commission of unlawful acts throughout the naturalization process.

Plaintiff is aware of no counterclaims.

**(4)    Provide the name of any party who or which has not been served, and any fact or circumstance related to non-service of process for such party.**

Defendant was served with the Complaint and Summons on December 13, 2007. There are no other parties to be served.

**(5)    List the principal legal issues in the case.**

This is an action under section 340(a) of the INA, 8 U.S.C. § 1451(a), to revoke and set aside the order admitting defendant to United States citizenship, and to cancel defendant's certificate of naturalization. The United States contends that defendant procured his United States citizenship illegally and by willful misrepresentation of material facts. His naturalization, therefore, must be revoked as required by INA § 340(a), 8 U.S.C. § 1451(a).

**(6)    Describe the principal factual issues.**

During the statutory period in which he was required to establish the good moral character required for naturalization, defendant committed Conspiracy to Distribute Marijuana and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. §2. Defendant provided false testimony regarding his commission of these crimes during his naturalization interview on August 11, 1997. Defendant also misrepresented his commission of these crimes on his naturalization application filed with the Immigration and

Naturalization Service ("INS") on December 17, 1996, and at his naturalization interview on August 11, 1997.

> **(7) Note whether a jury trial has been demanded by any party.**

Because a denaturalization action is equitable in nature, there is no right to a jury trial, so a bench trial is requested.

**B.  Proceedings to Date**

> **(1) Provide a summary description (including dates) of all substantive rulings that have been issued in the case.**

At this time, there have been no substantive rulings in this case.

> **(2) Describe briefly all pending motions, including the date each motion was filed, and set forth all current briefing schedules on such motions.**

There are currently no pending motions in this case.

> **(3) Identify any anticipated motions.**

Plaintiff anticipates filing a dispositive motion at the conclusion of discovery.

> **(4) Provide a copy of the most recent scheduling order that has been entered.**

No scheduling order has been entered in this case.

> **(5) Provide a copy of any written status reports that have been filed.**

No written status reports have been filed in this case.

**C.  Discovery**

> **(1) Identify the date that discovery began.**

Discovery in this case has not yet begun.

> **(2) Describe discovery that has been taken to date and any remaining discovery.**

No discovery has been taken to date.  All discovery remains to be taken.

**(3)    Note whether a discovery cutoff has previously been set.**

No discovery cutoff has previously been set.

**(4)    Identify any pending discovery disputes.**

There are no pending discovery disputes in this case.

**(5)    If there is no existing discovery cutoff, suggest a cutoff date.**

As defendant has not yet answered or appeared in the case and has until February 11, 2008, to answer, plaintiff suggests an approximate discovery cutoff date of August 2008.

**D.    Trial**

**(1)    State whether the case is ready for trial.**

The case is not ready for trial.

**(2)    If so, identify the earliest date the parties would be ready to commence a trial.**

The case is not ready for trial.

**(3)    Provide the estimated length of trial.**

At this time, plaintiff estimates that a trial of this case would take approximately 2 full days.

**(4)    Identify whether a final pre-trial order has been filed or is in the process of being prepared.**

A final pre-trial order has not been filed, nor is one in the process of being prepared.

**(5)    State whether the parties unanimously consent to proceed before a United States Magistrate Judge.**

Plaintiff respectfully does not consent to proceed before a United States Magistrate Judge.

E.  **Settlement**

(1)  **Provide the status of any settlement discussions to date.**

Pursuant to Executive Order 12988 on Civil Justice Reform, 61 Fed. Reg. 5729 (Feb. 5, 1996), plaintiff notified defendant by correspondence dated December 17, 2007, of its willingness to explore the possibility of settling this case. Defendant has not yet responded to this correspondence.

(2)  **Note whether the parties request a settlement conference.**

Plaintiff does not request a settlement conference in this case.


Respectfully Submitted,
PATRICK J. FITZGERALD
United States Attorney

PETER D. KEISLER
Assistant Attorney General
Civil Division

CRAIG OSWALD
Assistant United States Attorney
219 S. Dearborn St., 5th Fl.
Chicago, IL 60604

THOMAS W. HUSSEY
Director
RICHARD M. EVANS
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9340


Date: January 2, 2008

/s/ Angela A. Crider
ANGELA A. CRIDER
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
c/o Immigration and Customs Enforcement
P.O. Box 670049
Houston, Texas 77267-0049
Telephone: (281) 774-4731
Facsimile: (281) 774-5996

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above Plaintiff's Status Report and Notification that Local Counsel Will Appear at Status Hearing was mailed by first class mail to Defendant, Jose Suarez, at the following address:

2236 S. Levitt St.
Chicago, IL 60608

/s/ Angela A. Crider
Angela A. Crider, Trial Attorney
Counsel for Plaintiff,
United States of America