UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:07-CV-06431-G |
| v. | ) | |
| | ) | |
| JOSE SUAREZ, | ) | |
| | ) | **JOINT STATUS REPORT** |
| | ) | **OF PLAINTIFF AND** |
| Defendant. | ) | **DEFENDANT** |
| | ) | |
| | ) | |
| _____ | ) | |

COMES NOW plaintiff, the United States of America, and defendant, Jose Suarez to file this Status Report pursuant to the Court's June 4, 2008 Order. Plaintiff and defendant conferred about this matter on or about July 10, 2008. Plaintiff served defendant with the Summons and Complaint on December 13, 2007. On or about June 4, 2008, the Court granted defendant until July 18, 2008 to file an Answer to the Complaint. Plaintiff and defendant address each of the matters requested by the Court as follows:

**A**.    **Nature of the Case**

   **(1)**    **List the attorneys of record for each party, including the attorney(s) who would try the case if it proceeds to trial.**

Plaintiff is represented by Theresa M. Healy, United States Department of Justice, Office of Immigration Litigation, and local counsel, Craig Oswald, United States Department of Justice, United States Attorney's Office, Northern District of Illinois. Theresa M. Healy would represent plaintiff at a trial in this case.

U.S. v. Suarez
Parties' Status Report- Page :

Defendant is represented by Abdul A. Tayob, Esquire. Defense counsel will be determined at a later time in the event that this case goes to trial.

**(2) Indicate the basis for federal jurisdiction.**

Plaintiff is the United States of America and this Court has jurisdiction pursuant to Title 28, United States Code, Section 1345.

**(3) Describe the nature of the claims asserted in the complaint and any counterclaims.**

This is an action under section 340(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1451(a), to revoke and set aside the order admitting defendant to United States citizenship, and to cancel defendant's certificate of naturalization. Plaintiff contends that defendant procured his United States citizenship illegally because he committed unlawful acts that adversely reflect on his moral character during the statutory period in which he was required to establish good moral character, and there are no extenuating circumstances that would mitigate the effect of defendant's actions on his ability to establish good moral character. Specifically, from June 1996 until October 22, 1996, prior to his naturalization on May 14, 1998, defendant engaged in Conspiracy to Distribute Marijuana and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2.

Plaintiff contends that defendant procured this naturalization illegally because, during the time in which he was required to establish good moral character, he provided false testimony at his naturalization interview regarding his commission of unlawful acts for the purpose of obtaining his naturalization.

Plaintiff contends that defendant procured his United States citizenship by willful

misrepresentation or concealment of a material fact in that he misrepresented his commission of unlawful acts throughout the naturalization process. Plaintiff is aware of no counterclaims in this matter.

Defendant at present does not intend to assert any counter-claims, but contends that he is not in violation of and has not violated the laws as alleged by plaintiff in that some facts may be improperly alleged by plaintiff and that plaintiff has misapplied the law.

**(4)  Provide the name of any party who or which has not been served, and any fact or circumstance related to non-service of process for such party.**

Defendant was served with the Complaint and Summons on December 13, 2007. There are no other parties to be served.

**(5)  List the principal legal issues in the case.**

This is an action under section 340(a) of the INA, 8 U.S.C. § 1451(a), to revoke and set aside the order admitting defendant to United States citizenship, and to cancel defendant's certificate of naturalization. Whether defendant procured his United States citizenship illegally and by willful misrepresentation of material facts. Whether conviction for an offense after naturalization has already occurred necessarily invalidates the naturalization. Further, whether acts committed before naturalization which may result in a conviction after naturalization can render the naturalization illegally procured and invalid.

**(6)  Describe the principal factual issues.**

Plaintiff contends that during the statutory period in which he was required to establish the good moral character required for naturalization, defendant committed Conspiracy to Distribute Marijuana and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C.

§§ 846, 841(a)(1) and 18 U.S.C. § 2. Plaintiff further contends that defendant provided false testimony regarding his commission of these crimes during his naturalization interview on August 11, 1997. Further, plaintiff asserts that defendant also misrepresented his commission of these crimes on his naturalization application filed with the Immigration and Naturalization Service ("INS") on December 17, 1996, and at his naturalization interview on August 11, 1997.

Defendant, Mr. Suarez, asserts that he did not provide false testimony and that he answered plaintiff's questions to the best of his understanding and truthfully.

**(7)   Note whether a jury trial has been demanded by any party.**

Plaintiff asserts that because a denaturalization action is equitable in nature, there is no right to a jury trial, so a bench trial is requested. Defendant believes that the subject of whether one has committed offenses subjecting him to denaturalization hinges on both legal and factual questions, and therefore a jury trial is appropriate to dispose of factual questions. Hitherto, no jury trial has been demanded, but Mr. Suarez reserves the right to a jury trial.

**B.   Proceedings to Date**

**(1)   Provide a summary description (including dates) of all substantive rulings that have been issued in the case.**

At this time, there have been no substantive rulings issued in this case.

**(2)   Describe briefly, all pending motions, including the date each motion was filed, and set forth all current briefing schedules on such motions.**

There are currently no pending motions in this case.

**(3)     Identify any anticipated motions.**

Plaintiff anticipates filing a Motion for Summary Judgment at the conclusion of discovery. Defendant anticipates filing a Motion for Summary Judgment and/or a Motion to Dismiss.

**(4)     Provide a copy of the most recent scheduling order that has been entered**.

No scheduling order has been entered in this case.

**(5)     Provide a copy of any written status reports which have been filed.**

Attached is a copy of Plaintiff's Status Report & Notification filed on January 2, 2008.

**C.     Discovery**

**(1)     Identify the date that discovery began.**

Discovery in this case has not yet begun.

**(2)     Describe discovery that has been taken to date and any remaining discovery.**

No discovery has been taken to date. All discovery remains to be taken.

**(3)     Note whether a discovery cutoff has been previously set.**

No discovery cutoff has previously been set.

**(4)     Identify any pending discovery disputes.**

There are no pending discovery disputes in this case.

**(5)     If there is no existing discovery cutoff, suggest a cutoff date.**

The parties suggest a discovery cutoff date of March 28, 2009.

**D.     Trial**

**(1)     State whether the case is ready for trial.**

U.S. v. Suarez
Parties' Status Report- Page :

The case is not ready for trial.

**(2)    If so, identify the earliest date the parties would be ready to commence a trial.**

The case is not ready for trial.

**(3)    Provide the estimated length of trial.**

At this time, the parties estimate that the trial would take approximately 2 full days.

**(4)    Identify if a final pre-trial order has been filed or is in the process of being prepared.**

A final pre-trial order has not been filed, nor is one in the process of being prepared.

**(5)    State whether the parties unanimously consent to proceed before a United States Magistrate Judge.**

Plaintiff respectfully does not consent to proceed before a United States Magistrate Judge.

**E.    Settlement**

**(1)    Provide the status of any settlement discussions to date.**

Pursuant to Executive Order 12988 on Civil Justice Reform, 61 Fed. Reg. 5729 (Feb. 5, 1996), plaintiff notified defendant by correspondence dated December 17, 2007, of its willingness to explore the possibility of settling this case.

**(2)    Note whether the parties request a settlement conference.**

The parties are amenable to settlement discussions.

.


Respectfully Submitted,

PATRICK J. FITZGERALD                         GREGORY G. KATSAS

U.S. v. Suarez
Parties' Status Report- Page :

6

| | |
|---|---|
| United States Attorney | Acting Assistant Attorney General<br>Civil Division |
| | |
| CRAIG OSWALD<br>Assistant United States Attorney<br>Civil Division<br>219 S. Dearborn Street, 5th Fl.<br>Chicago, IL 60604 | THOMAS W. HUSSEY<br>Director<br>RICHARD M. EVANS<br>Assistant Director |
| DATED: July 11 , 2008 | /s/ Theresa M. Healy<br>THERESA M. HEALY, Attorney in Charge<br>Trial Attorney<br>Office of Immigration Litigation<br>U.S. Department of Justice, Civil Division<br>c/o Immigration and Customs Enforcement<br>300 North Los Angeles Street, Room 8108<br>Los Angeles, California 90012<br>Telephone: (213) 894-8628<br>Facsimile:  (213) 894-2648<br>California Bar No. 171566<br><br>Attorneys For Plaintiff |

_____
ABDUL A. TAYOB, Esquire
Katz Law Office, Ltd.
4105 W. 26th Street
Chicago, IL  60623
Telephone: (773) 321-6651
Facsimile: (773)  321-6708

Attorney For Defendant

CERTIFICATE OF SERVICE

  I hereby certify that, on July 11, 2008, I electronically filed the foregoing Joint Status Report using the CM/ECF system, which document should be automatically served on defendant's counsel, Abdul A. Tayob, a known CM/ECF user, through Notice of Electronic Filing.

<u>Dated: July 11, 2008</u>              <u>/s/ Theresa M. Healy</u>
                           THERESA M. HEALY
                           Counsel for Plaintiff

Parties' Status Report- Page :

8